**FILED**

**November 17, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 3:15 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE BY INTERCHANGE

| | | |
|---|---|---|
| **Ralph Joseph Lallo** | ) | **Docket No.: 2015184839** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 33804-2015** |
| | ) | |
| **Marion Environmental, Inc.** | ) | **Judge Robert Durham** |
| **Employer.** | ) | |

---

## ORDER GRANTING TEMPORARY PARTIAL DISABILITY BENEFITS

---

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge on November 4, 2015, upon the Motion for Temporary Disability Benefits filed by the Employee, Ralph Joseph Lallo (Mr. Lallo), on September 28, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014) to determine if the Employer, Marion Environmental, Inc. (Marion), is obligated to provide temporary partial disability benefits. For the reasons set forth below, the Court finds Mr. Lallo is entitled to temporary partial disability benefits at this time.

This matter previously came before this Court on Employee's Request for Expedited Hearing (REH), seeking medical and temporary disability benefits. The Court conducted an evidentiary hearing on July 21, 2015, and much of the evidence, as well as the Court's subsequent Order, concerned Mr. Lallo's separation from Marion and whether it served to preclude his receipt of temporary partial disability benefits. To the extent necessary, the evidence presented at the July 21 hearing and the Court's Findings of Fact and Conclusions of Law from that evidence are incorporated into this Order.

### History of Claim

#### *Procedural History*

On July 21, 2015, the Court conducted an Expedited Hearing in this matter. Based on the evidence presented, the Court found Mr. Lallo sustained a compensable injury to his right upper extremity on April 2, 2015. The Court further found Marion was obligated to provide Mr. Lallo with medical care for his work-related injury. Marion

1

appealed these findings to the Workers' Compensation Board of Appeals, which affirmed the Court's decision on September 4, 2015.

In addition to the above findings, the Court further found Marion did not terminate Mr. Lallo for cause, and his termination would not preclude the receipt of temporary partial disability benefits. However, the Court did not order Marion to pay disability benefits because there was insufficient medical evidence to establish the extent of Mr. Lallo's temporary partial disability. Since the Court did not order disability benefits, the Board declined to consider the issue of Mr. Lallo's termination.

On September 28, Mr. Lallo filed a Motion for Temporary Partial Disability Benefits, and Marion requested an in-person hearing. On October 29, the Court ordered that Mr. Lallo's Motion be heard telephonically pursuant to Rule 0800-02-21-.14(4) (2015) of the Tennessee Compilation Rules and Regulations because it would be practical for the fair and effective resolution of the limited issue of temporary partial disability benefits. (T.R. 1.)

*Factual History*

On September 28, 2015, in accordance with the Court's Order of July 21, Mr. Lallo treated with Dr. Donald Huffman, orthopedist, whom he selected from a panel provided by Marion. (Ex. 1 at 14.) Mr. Lallo told Dr. Huffman that on April 2, 2015, he felt a pop in his right arm while straining to pull up carpet, and he subsequently felt pain when extending his arm. Over the next few days, his symptoms improved, but on April 7, he attempted to lift a coworker from behind, and felt renewed pain and popping in the antecubital fossa of his right arm. Subsequently, he could not use his right arm to lift or twist items. *Id.*

On examination, Mr. Lallo complained of persistent right forearm and antecubital fossa pain as well as tenderness and pain in his right bicep. Dr. Huffman diagnosed Mr. Lallo with a "disorder of tendon of biceps" and recommended physical therapy. *Id.* at 15. He released Mr. Lallo to return to work with restrictions of no work above his shoulder, no gripping or squeezing, and no lifting more than five pounds. *Id.* at 8. Dr. Huffman also prepared an "Attending Physician's Report," wherein he opined Mr. Lallo's account of the incidents on April 2 and April 7 were "the only cause of patient's condition." *Id.* at 11.

Mr. Lallo returned to Dr. Huffman on October 13. He had only undergone one therapy session and reported no change in his right arm. On exam, Dr. Huffman noted reduced range of motion and strength in the right arm as well as pain with palpation and resisted pronation. He recommended continued therapy. *Id.* at 4-5.

Mr. Lallo last saw Dr. Huffman on October 27. He had yet to undergo any

2

additional therapy, and he stated his symptoms had not improved. Dr. Huffman recommended Mr. Lallo proceed with therapy, and returned him to modified duty with no work above shoulder level and no lifting over five pounds. *Id*. at 1-3.

At the November 4 hearing, Mr. Lallo testified his regular duties with Marion required significant pushing, pulling, lifting and carrying with both arms. He testified he made $4,588.33 per month while working for Marion.[1] Since his separation from Marion on April 22, 2015, he has looked for employment, including registration with Tennessee Job Services, but received no job offers given the limitations with his right arm.

Mr. Lallo testified that in June 2015, he coordinated a project to tear down the fire-damaged house of a friend's mother. Mr. Lallo worked for a few days on the project, operating a track-hoe for approximately thirty-minute intervals. He received approximately $250.00 for his work. Mr. Lallo testified he has not received any other income from employment since his separation from Marion.

On cross-examination, Mr. Lallo admitted he worked for Marion for several weeks in April with restrictions prohibiting the use of his right arm, and Marion accommodated his restrictions until his separation on April 30. Marion submitted the affidavit of Ellen Gallant, President of Marion, as its proof. (Ex. 3.) The Affidavit avers Marion terminated Mr. Lallo for cause, and but for his termination, Marion could and would have fully accommodated Mr. Lallo's restrictions from Dr. Huffman. *Id*.

Mr. Lallo contends his injuries and attendant restrictions prevent him from making the wages he made while employed with Marion, and he is thus entitled to temporary partial disability benefits. He further contends Marion terminated his employment without good cause; therefore, his termination does not preclude receipt of temporary partial disability benefits.

Marion counters that it terminated Mr. Lallo for cause, and had it not been for his termination, Marion would have accommodated Dr. Huffman's physical restrictions. As a result, it does not owe any temporary partial disability benefits. Furthermore, Marion asserts Mr. Lallo engaged in employment activities following his separation, thus establishing his restrictions do not prevent him from earning income equal to his wages from Marion.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in

---

[1] At the July 21 evidentiary hearing, the parties stipulated that the C-42 Wage Statement filed by Marion (attached hereto as Ex. 4) is an accurate reflection of the wages paid by Marion to Mr. Lallo for the weeks prior to his injury on April 2, 2015. Based on the wage statement, the Court calculates Mr. Marion's average weekly wage to be $1,044.05, giving him a compensation rate of $696.03.

favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

In its August 7 Order, the Court held that Marion failed to establish "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal." (T.R. 4 at 12, quoting *Ingram v. Heads Up Cutting Ctr.*, No. M2012-00464-WC-R3-WC, 2013 Tenn. LEXIS 338, at *20 (Tenn. Workers' Comp. Panel Apr. 10, 2013)); *see also Durham v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00708-WC-R3-WC, 2009 LEXIS 3, at *9 (Tenn. Workers' Comp. Panel Oct. 22, 2008).

In the November 5 hearing, Marion provided no additional substantive evidence regarding the grounds for Mr. Lallo's separation. Thus, the Court remains unpersuaded by Marion's argument, and reiterates its finding set out in the August 7 Order that Marion failed to establish it terminated Mr. Lallo for misconduct, and his separation from Marion does not preclude his receipt of temporary partial disability benefits. *See* T.R. 4 at 13.

In the August 7 Order, the Court denied Mr. Lallo's request for temporary partial disability benefits because the medical proof only established six days of partial disability. (T.R. 4 at 13.) On September 27, Dr. Huffman placed substantial restrictions on Mr. Lallo's ability to use his right arm, and he is currently under restrictions of no work above his shoulder and lifting no more than five pounds with his right arm. (Ex. 1 at 1-3.)

Tennessee law provides that an employer must pay temporary disability benefits

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

until the employee reaches maximum medical improvement so long as the employee can prove an inability to work due to a compensable injury. *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978); s*ee also Gray v. Cullom Machine Tool and Die, Inc.,* 152 S.W.3d 439, 443 (Tenn. 2004); *Gluck Brothers, Inc. v. Coffey,* 431 S.W.2d 756, 759 (Tenn. 1968). Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Williams v. Saturn Corp.,* No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6-7 (Tenn. Workers' Comp. Panel Nov. 15, 2005). Tennessee Code Annotated section 50-6-207(2)(A) (2014) provides that, "In all cases of temporary partial disability, the compensation shall be sixty-six and two-thirds percent (66 2/3 %) of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition."

In *Williams,* the employee could not return to work for the employer due to the physical restrictions mandated by her injury. *Williams, supra,* at *8. The Supreme Court found the wage the employee could earn in her restricted state was effectively zero; thus, she was entitled to temporary partial disability benefits. *Id.* at *9. Mr. Lallo worked for a couple of days over the summer driving a track-hoe for thirty-minute intervals. Nevertheless, the Court finds the physical restrictions imposed for two weeks by Dr. Haslam in April, and the restrictions imposed by Dr. Huffman beginning September 27, render him unable to find meaningful employment outside the accommodations provided by Marion prior to his separation. As a result, he is entitled to temporary partial disability benefits. *Id.*

Tennessee Code Annotated section 50-6-205(a) 2014 provides:

No compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of injury, except the benefits provided for in § 50-6-204, but if disability extends beyond that period, compensation shall commence with the eighth day after the injury. In the event, however, that the disability from the injury exists for a period as long as fourteen (14) days, then compensation shall be allowed beginning with the first day after the injury.

In April, Dr. Haslam restricted Mr. Lallo to no use of his right arm for two weeks, but Marion's accommodations of this restriction allowed Mr. Lallo to work eight days prior to his separation on April 30. (T.R. 4 at 13.) Thus, Mr. Lallo's work injury resulted in temporary partial disability for six days after his separation. On September 27, Dr. Huffman placed substantial restrictions on Mr. Lallo's use of his right arm that rendered him partially disabled, and those restrictions are ongoing. (Ex. 1 at 1-3.) As a result, Mr. Lallo's disability has existed for more than fourteen days, thus entitling him to temporary disability benefits for the period of May 1 through May 6 as well as September 27 through the present and ongoing. Tenn. Code Ann. 50-6-205(a) (2014).

5

At this time, there is no medical proof establishing Mr. Lallo's disability from May 7 through September 26. As a result, the Court cannot award temporary benefits for that period, although the Court will reconsider the issue should the parties obtain additional evidence.

**IT IS, THEREFORE, ORDERED** as follows:

1. Marion shall pay Mr. Lallo past temporary partial disability benefits from May 1 through May 6, 2015, and September 28, 2015, through the present, at a compensation rate of $696.03 per week, for a total of $5,667.67. Marion shall continue to pay temporary partial disability benefits to Mr. Lallo at a compensation rate of $696.03 in accordance with Tennessee Code Annotated section 50-6-207 (2014) until Mr. Lallo reaches maximum medical improvement or is able to return to work.

2. **Unless interlocutory appeal of the Order Granting Temporary Partial Disability Benefits is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

3. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED** this the 17th day of November, 2015.

Judge Robert Durham
**Court of Workers' Compensation Claims**

6

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.  File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6.  If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any

argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits</u>:

1.  Medical Records of Dr. Donald Huffman;
2.  Certificate of Demolition;
3.  Affidavit of Ellen Gallant; and,
4.  Wage Statement.

<u>Technical Record</u>:[3]

1.  Employee's Motion for Temporary Partial Disability Benefits;
2.  Employer's Response to Motion for Temporary Partial Disability Benefits;
3.  Order Setting Telephonic Hearing; and,
4.  Expedited Hearing Order Granting Medical Benefits.

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order for Temporary Partial Disability Benefits was sent to the following recipients by the following methods of service on this the 17th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Mark Rassas |  |  | X | rassaslaw@aol.com |
| Alex B. Morrison |  |  | X | ABMorrison@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

10